USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/5/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FIERMAN PRODUCE EXCHANGE, INC.,

                Plaintiff,

-against-

JEN JEN CORPORATION and SAMMY MOON,

                Defendants.

Case No.: 07 CV 4589 (SHS)

**ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION**

UPON the annexed affidavit of Joel Fierman, dated May 25, 2007, with exhibits, the application of Leonard Kreinces, Esq., Kreinces & Rosenberg, P.C., dated May 29, 2007, as to why notice should not be required pursuant to Fed. R. Civ. P. 65(b), Complaint, and the accompanying Memorandum of Law, it is

ORDERED, that the defendants, JEN JEN CORPORATION ("JEN JEN"), and SAMMY MOON ("MOON"), show cause before the Honorable _____, United States District Judge, at the United States Courthouse, 500 Pearl Street, Courtroom ___ New York, New York, on June 12, 2007, at 11:00 o'clock a.m./p.m., or as soon thereafter as counsel can be heard, why a preliminary injunction pursuant to Rule 65(a) of the Federal Rules of Civil Procedure should not issue enforcing the statutory trust under Section 5(c) of the Perishable Agricultural Commodities Act, 7 U.S.C. §499e(c)(4), by enjoining the defendants, their agents, employees, successors, banking institutions, attorneys, and all other persons in active concert and participation with them from using PACA trust assets in their ordinary course of business, or

1

otherwise dissipating trust assets, or making payment of any trust asset to any creditor, person or entity, until further order of this Court or until the defendant, JEN JEN, pay ONE HUNDRED TWENTY-FOUR THOUSAND SIXTY-FOUR and 50/100 ($124,064.50) DOLLARS, plus interest, costs, and attorneys fees to the plaintiff; and it is further

IT APPEARING to the Court from the affidavit of Joel Fierman, that the defendants, JEN JEN and MOON, are about to commit the acts hereinafter specified and that they will do so unless restrained by order of this Court, and that immediate and irreparable injury, loss or damage will result to plaintiff before notice can be given and the defendants or attorneys can be heard in opposition to the granting of a temporary restraining order, in that plaintiff and other PACA trust creditors will suffer immediate and irreparable injury in the form of a loss of trust assets; it is therefore



ORDERED, that defendants, JEN JEN and MOON, their agents, officers, assigns, banking institutions and attorneys and all persons in active concert and participation with them be and they hereby are

(i) temporarily restrained from violating the provisions of the Perishable Agricultural Commodities Act 7 U.S.C. §499a et seq. (hereinafter "PACA") and the regulations promulgated thereunder; and

(ii) temporarily restrained from, in any way, directly or indirectly, in whole or in part, absolutely or as security, paying, withdrawing, transferring, assigning or selling any and all existing PACA trust assets and/or otherwise disposing of company or personal assets to any creditors, persons or entitles until further order of this Court or until the defendants, JEN JEN and

2

MOON, pay the plaintiff the sums of ONE HUNDRED TWENTY-FOUR THOUSAND SIXTY-FOUR and 50/100 ($124,064.50) DOLLARS, plus interest, costs, and attorneys fees, and

(iii) ordered that if the defendants fail to pay plaintiff in full within three (3) business days from the date of service of this order on the defendants, the defendants must account to this Court and counsel for the plaintiff for the following items generated in defendants' business, to wit: any and all perishable agricultural commodities, inventories of food or other products derived from such perishable agricultural commodities, and any and all receivables or proceeds from such commodities and food or other products, which in any way have been distributed or disposed of, directly or indirectly, in whole or in part, absolutely or as security on or after December 23, 2006, with a description of the property involved, the recipient, the date and the purpose of the distribution; and

(iv) ordered that if the defendants fail to pay plaintiff in full within three (3) business days from the date of service of this order on the defendant, the defendants must account to this Court and counsel for the plaintiff for all assets in defendant's ownership, possession, custody and/or control, or in the possession, custody and/or control of entities controlled by defendant, including the date of acquisition and whether or not such assets or any interest therein derived from the proceeds of the sale of perishable agricultural commodities by JEN JEN and MOON, and, if not, the source of such assets; and

(v) ordered to restore to the PACA trust any PACA trust assets derived directly or indirectly from JEN JEN and MOON's operations and received or transferred by them on or after December 23, 2006, which are lawfully obtainable by JEN JEN and MOON; and

3

~~(vi)   ordered to segregate and escrow all proceeds from the sale of perishable agricultural commodities in a trust account to be designated "JEN JEN and MOON PACA Escrow Account" with plaintiff's counsel, Kreinces & Rosenberg, P.C., as escrow agent, depositing therein all cash assets of the PACA trust, no withdrawals to be made therefrom pending further order of this Court; and~~



~~(vii)   ordered that if the defendants fail to pay plaintiff in full within three (3) business days from the date of service of this order on the defendant, the defendants must deliver to plaintiff's counsel complete list of all accounts receivable of JEN JEN and MOON generated by its perishable agricultural commodities business with those receivables being collected by defendants' or plaintiff's counsel and deposited in the "JEN JEN and MOON PACA Escrow Account," and it is further~~

ORDERED, that this Order will be binding upon the parties to this action, their officers, agents, servants, employees, banks, or attorneys and all other persons or entities who receive actual notice of this Order, and it is further

~~ORDERED, that this order will expire ten (10) days after entry unless within such time the order for good cause shown is extended for a like period, or unless the defendants consent that it may be extended for a longer period; and it is further~~

ORDERED, that the plaintiff shall not be required to post a bond hereunder, and it is further

ORDERED, that this order to show cause together with copies of the papers upon which it was granted be served upon the defendants, JEN JEN and MOON, or their attorneys, by first class and overnight mail, on or before ~~May~~ June 6, 2007, before 5:00 p.m.

4

A hearing on plaintiff's motion for a preliminary injunction is scheduled for June 1_2_, 2007, at 1_0_:00 a.m. Responding papers due June 11 by 5 P.M.

Date: May 29, 2007

_____
U.S.D.J.

Z:\kreinces1\WORK\HUNTSPOINT\FIERMAN\jen jen\Order to Show Cause.wpd